UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                      CRIMINAL NO. 3:21-CR-62-DPJ-LGI

MIKE AUSTIN ANDERSON

ORDER

Defendant Mike Austin Anderson asks the Court to Revoke or Amend United States Magistrate Judge LaKeysha Greer Isaac's Denial of his Motion to Order Recusal of the Office of the United States Attorney for the Southern District of Mississippi.  Mot. [35].  As explained below, Anderson's motion is denied.

I.      Facts and Procedural History

The indictment alleges that on May 29, 2021, on the Choctaw Indian Reservation, Anderson shot J.M. and pointed a firearm at T.A.  The United States has been represented throughout this matter by Assistant United States Attorney Kevin J. Payne, but Anderson claims that Payne was his former attorney and therefore must be disqualified.

Payne's employment as an AUSA began in March 2021.  Before that, from March 2013 to March 2021, Payne worked as a Tribal Prosecutor, first for the Choctaw Attorney General's Office and then for the Attorney General's Office of the Mississippi Band of Choctaw Indians.  And from August 2004 until September 12, 2007, Payne worked as a Staff Attorney with Choctaw Legal Defense.

Anderson says Payne represented him while employed with Choctaw Legal Defense "in the defense of criminal charges levied against him in the Choctaw Tribal Court in Philadelphia, Mississippi[,] on multiple occasions."  Def.'s Mot. [15] at 1.  As a result of that alleged

representation, Anderson moved to disqualify Payne and his entire office from prosecuting Anderson under Mississippi Rules of Professional Conduct 1.9 and 1.10. *Id.* at 2. After receiving opening briefs, Judge Isaac held an evidentiary hearing, accepted supplemental briefs, and denied Anderson's motion. Order [34].

In her ruling, Judge Isaac factually rejected Anderson's assertion that Payne represented him in multiple criminal matters. *See* Order [34] at 6–9; *see also* Smith Decl. [29-1] (detailing Smith's representation of Anderson at a 2006 bond-revocation hearing). She instead concluded that Payne represented Anderson at a single tribal-court arraignment in September 2007—five days before Payne ended his employment with Choctaw Legal Defense. At that time, Anderson faced four charges: domestic battery, domestic criminal trespass, domestic criminal damage to property, and domestic theft. *See* Tribal Ct. Records [20-3] at 2–3. According to Payne, he "did not speak with . . . Anderson about the facts, parties, or other substantive details of his case." Payne Decl. [20-4] ¶ 9. Judge Isaac credited this testimony over Anderson's testimony that he met with Payne "on numerous occasions" and "divulge[d] confidential information to him . . . about [his] case." Tr. [30] at 10; *see also* Order [34] at 9. She then denied Anderson's motion, and Anderson now asks this Court to review Judge Isaac's ruling. Mot. [35].

II.     Analysis

The parties seem to agree that Anderson's present motion arises under 28 U.S.C. § 636(b)(1)(C). But the Court is not so sure, and the decision impacts the standard of review. Section 636(b)(1) provides:

> Notwithstanding any provision of law to the contrary --
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for

2

> failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses[,] and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

If, as the parties suggest, Anderson's motion is actually a "written objection[]" to Judge Isaac's "proposed findings and recommendations" under § 636(b)(1)(C), then the Court's review would be de novo. *Id.* § 636(b)(1)(C). If, on the other hand, the original motion to disqualify was properly submitted to Judge Isaac for decision under § 636(b)(1)(A), the Court should revoke her order only if it "is clearly erroneous or contrary to law." *Id.* § 636(b)(1)(A); *see United States v. Raddatz*, 447 U.S. 667, 673 (1980) (explaining that magistrate judge can hear pretrial matters other than dispositive motions and district court's review "is on a 'clearly erroneous or contrary to law' standard").

It is apparent that Judge Isaac decided Anderson's motion under § 636(b)(1)(A); she entered an order denying the motion rather than a report and recommendation. More

3

importantly, Judge Isaac had authority to do so.  Federal Rule of Criminal Procedure 59 states, "A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense."  Section 636(b)(1)(A) also allows the district court to refer certain non-dispositive pretrial motions—including motions like this—to the magistrate judge. Finally, this Court made that referral in its Internal Rule 1(IX), which states, "All pretrial criminal motions are hereby referred to a magistrate judge for hearing and determination" with limited exceptions that do not apply here.  Accordingly, the clearly erroneous or contrary to law standard applies.

Under that standard, Judge Isaac's ruling must stand.  As Judge Isaac noted, Mississippi Rule of Professional Conduct 1.9 governs conflicts of interest.  Under that rule, a party seeking disqualification "must establish two elements:  (1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and (2) a substantial relationship between the subject matter of the former and present representations."  *Hybrid Kinetic Auto. Holdings, Inc. v. Hybrid Kinetic Auto. Corp.*, 643 F. Supp. 2d 819, 824–25 (N.D. Miss. 2009) (quoting *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992)).  Judge Isaac concluded that Anderson failed to demonstrate either element.

Anderson apparently agrees that these elements govern his motion but disputes the factual findings Judge Isaac applied to them.  Specifically, he faults Judge Isaac for "fail[ing] to give weight to [his] testimony."  Pl.'s Mot. [35] at 2.  Having reviewed the record, the hearing transcript, and the parties' briefs, the Court finds that it was not clearly erroneous to credit the Government's evidence over Anderson's testimony.

Finally, the ruling was not contrary to law.  Judge Isaac carefully detailed the facts and concluded that, even assuming Payne had represented Anderson, Anderson failed to factually

4

establish that the prior case was substantially related.  "[A] substantial relationship may be found only after 'the moving party delineates with specificity the subject matters, issues and causes of action' common to prior and current representations . . . ."  *Am. Airlines*, 972 F.2d at 614 (quoting *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1029 (5th Cir. 1981)).

      Here, Anderson says his prior cases were substantially related but never addresses any commonalities.  He relies instead on things like the Government's knowledge of his criminal history—which is a matter of public record.  Def.'s Mot. [35] at 3.  Issues like those Anderson highlights in his motion would be true of any prior representation, yet Anderson was still required to show with specificity that the prior representation was substantially related.  *See United States v. Wheeler*, 56 M.J. 919, 924 n.10 (A. Ct. Crim. App. 2002) (observing that "[a] prosecutor is not disqualified from prosecuting a former client if the criminal trials are not closely or substantially related") (citing *United States v. Bolton*, 905 F.2d 319, 322 (10th Cir. 1990) (finding no abuse of discretion in denying motion to disqualify where prosecutor represented defendant in criminal matter with "no factual relationship" to current prosecution "a number of years earlier and testified to the court that he was aware of no confidential information relating to the instant case"); *Havens v. Indiana*, 793 F.2d 143, 144–45 (7th Cir. 1986) (discouraging subsequent prosecution but holding that prior representation in burglary charge was not substantially related to prosecution in subsequent burglary case) (other citations omitted)).

      Judge Isaac's order was well reasoned and based on detailed factual findings.  There is no indication that the alleged victims in the 2021 shooting overlap with the victims of the 2007 charges or that the cases bear any other relationship other than Anderson's alleged involvement

in them. Based on Judge Isaac's factual findings—which were not clearly erroneous—her ruling regarding Payne's representation was not contrary to law.[1]

Finally, the Court agrees with Judge Isaac that Mississippi Rule of Professional Conduct 1.11 does requires neither Payne's disqualification from prosecuting this case nor the disqualification of the office of the United States Attorney for the Southern District of Mississippi. *See* Order [34] at 13–14. Payne never represented Anderson in this matter and is not otherwise disqualified.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. Because Judge Isaac's disposition of Anderson's motion was neither clearly erroneous nor contrary to law, Anderson's Motion to Revoke or Amend Magistrate Judge's Denial of Defendant's Motion to Order Recusal [35] is denied.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2022.

                s/ *Daniel P. Jordan III*
                CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Notably, this is not the first time Payne has prosecuted Anderson since the 2007 arraignment. In 2013, in his capacity with the Choctaw Attorney General's Office, Payne prosecuted Anderson in Choctaw Tribal Court. Tr. [30] at 29–30. Before Payne undertook to prosecute that case, he had Choctaw Legal Defense run a conflict check, which revealed that Payne had not previously represented Anderson. *Id.* at 30.